UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOMINIC LAROCCO,

                                                Plaintiff,

      v.                                                    9:05-CV-1602
                                                               (TJM)(DEP)

NYS DIVISION OF PAROLE; EDWARD MEVEC,
Commissioner; GEORGE C. JOHNSON, Commissioner;
and W. WILLIAM SMITH, JR.,

                                                Defendants.
_____

APPEARANCES:

DOMINIC LAROCCO
Plaintiff, *pro se*

THOMAS J. MCAVOY, United States Senior Judge

**DECISION and ORDER of DISMISSAL**

**I.    Background**

Presently before this Court is a complaint filed by *pro se* plaintiff Dominic Larocco, together with an *in forma pauperis* application.[1] Plaintiff has not paid the required filing fee.

Plaintiff claims that he was denied early parole release because he refused to participate in certain "recommended voluntary programs." Dkt. No. 1 at 2.[2] According to plaintiff, he participated in comparable programs while confined at Rikers Island and should not be required to re-take them.[3] *Id*. Plaintiff also alleges that defendants denied him early parole release based on the nature of plaintiff's crime. *Id*. at 2. Plaintiff claims that defendants actions violate his

---

[1] Larocco has one other action pending in this District. *See Larocco v. Goord*, 9:05-CV-1074 (GLS/GHL).

[2] Larocco refers specifically to anger management and substance abuse programs such as A.R.T. and A.S.A.T. *Id*.

[3] Plaintiff also objects to any determination that his participation in these programs is warranted by his record. Dkt. No. 1, 19-23.

constitutional rights. For a complete statement of plaintiff's claims, reference is made to the complaint.

**II.     Discussion**

Section 1915(e)(2)(B) of Title 28 of the United States Code, which governs proceedings *in forma pauperis*, directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before the court may permit a plaintiff to proceed with an action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

Moreover, under 28 U.S.C. § 1915A, a court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (citation omitted). An action is frivolous as a matter of law when, among other things, it is "'based on an indisputably meritless legal theory,'" i.e., when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint. . . ." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Although the court has a duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise extreme caution in ordering

*sua sponte* dismissal of a *pro se* complaint "*before* the adverse party has been served and both parties . . . have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted), there is a responsibility on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that the plaintiff has paid the statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).

In this case, the gravamen of plaintiff's complaint appears to be that he was improperly denied parole release because of his refusal to participate in certain DOCS programs and based upon the nature of his crime.  Plaintiff contends that his denial of early parole release amounts to a denial of due process and equal protection, violates his right against double jeopardy, and amounts to cruel and unusual punishment in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

### A.     Due Process Claim

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, that

> [e]very person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983.

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress

for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432, 85 L. Ed. 2d 791 (1985)). An essential element of a § 1983 claim is that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *see also Sykes*, 13 F.3d at 519 (holding that "to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right" (citations omitted)).

In order to proceed with his due process claim, it must appear that plaintiff enjoyed a protected liberty interest under New York law for granting parole. *See Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam). "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam). It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release" and that, as a result, prisoners in New York State "have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." *Id.* at 171; *see also Boothe v. Hammock*, 605 F.2d 661, 664-65 (2d Cir. 1979) (citation omitted);[4] *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that "there is no [federal] constitutional or inherent right of a convicted person to be

---

[4] Rather, any alleged violations of procedural requirements "are matters for consideration by the state courts." *Boothe*, 605 F.2d at 665.

conditionally released before the expiration of a valid sentence"); *Berard v. Vt. Parole Bd.*, 730 F.2d 71, 75 (2d Cir. 1984) (same).  Moreover, "[d]enial of parole is neither arbitrary nor capricious when the Parole Board relies on the factors defined by New York statute." *Romer v. Travis*, No. 03 Civ. 1670, 2003 WL 21744079, *6 (S.D.N.Y. July 29, 2003) (citing *Davis v. Thomas*, 256 F. Supp. 2d at 191  ("denial of parole may be justified on the basis of reasonable considerations defined by statute, including . . . seriousness of the offense for which he is in custody.")) (other citation and footnote omitted).

Because plaintiff has failed to establish that he enjoyed a protected liberty interest in obtaining parole release, any alleged deficiencies or improprieties in the consideration of plaintiff's parole application do not state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### B. Equal Protection claim

Plaintiff also fails to set forth an equal protection claim.  Plaintiff does not allege that he is a member of a protected class for purposes of equal protection.  To the extent that plaintiff is trying to allege that, as a violent offender, he is treated differently than non-violent offenders, such discrimination has been held to be "entirely appropriate and not at all invidious." *Parks v. Edwards*, No. 03-CV-5588, 2004 WL 377658, at *4 (E.D.N.Y. Mar. 1, 2004).

### C. Double Jeopardy violation

Plaintiff seems to claim that by denying plaintiff parole based upon the violent nature of his original crime, defendants are violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  Dkt. No. 1 at 9-10.  The Second Circuit has held that "[t]he Double Jeopardy Clause applies to judicial proceedings, not parole." *Romer v. Travis*, No. 03

Civ. 1670, 2003 WL 21744079, at *9 (S.D.N.Y. Jul. 29, 2003) (citations omitted); *see also Alessi v. Ouinlan*, 711 F.2d 497, 501 (2d Cir. 1983) ("A denial of parole is a decision to withhold early release from the confinement component of a sentence. It is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause..."). The Parole Board's decision to deny parole did not violate Plaintiff's Double Jeopardy rights.

### D. Plaintiff's cruel and unusual punishment claim

Plaintiff claims that his continued incarceration beyond his **minimum** sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. "Detention beyond the termination of a sentence can constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest." *Wright v. Kane*, No. 94 Civ. 3836, 1997 WL 746457, *4 (S.D.N.Y. Dec. 2, 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Calhoun v. New York State Division of Parole Officers*, 999 F.2d 647, 654 (2d Cir. 1993)). As discussed above, plaintiff does **not** have a liberty interest in being granted parole. Moreover, plaintiff cannot show that he was deprived of a constitutional right "because he was not incarcerated beyond his term . . .," i.e., he has not yet completed his maximum term of incarceration. *Wright*, 1997 WL 746457, at *4.[5] Accordingly, the Court concludes that Plaintiff has failed to state a claim under the Eighth Amendment upon which relief can be granted.

### E. Sentence adjustment

In addition to claiming that his constitutional rights have been violated by the defendants,

---

[5] On September 17, 1997, plaintiff was sentenced to a term of eight to sixteen years imprisonment. *See* Dkt. No. 1 at 10.

6

plaintiff contends that the trial court improperly determined that plaintiff was a "second time violent felony offender" when in fact plaintiff should have been classified as a "first time violent felony offender." Dkt. No. 1 at 11. Plaintiff further argues that, because he was improperly sentenced, his minimum term of incarceration should be adjusted by the defendants and plaintiff should be immediately released. *Id.* at 15, 37.

To the extent that plaintiff seeks to alter the fact or duration of his custody, he is advised that such relief may only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. *See id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser*).

### F. Conclusion

For all of the above-stated reasons, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.[6]

### III. *In forma pauperis* application

In light of the dismissal of this action, plaintiff's *in forma pauperis* application is

---

[6] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, *2 (W.D.N.Y. June 8, 2004).

**DENIED** as moot.

**WHEREFORE**, it is hereby

**ORDERED**, that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is **DENIED** as moot, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Dated: May 12, 2006

*/s/ Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge